(54 Misc. Rep. 130.)

### PEOPLE v. McCLELLAN.

(Supreme Court, Trial Term, New York County. April, 1907.)

**1. Quo Warranto—Parties.**
 In an action by the Attorney General, under Code Civ. Proc. § 1948, providing for an action against a person who usurps a party office, an allegation in the complaint of the name of the person properly entitled to the office and the facts showing his rights thereto, inserted as provided by section 1949, does not make such person a necessary party.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quo Warranto, § 42.]

**2. Same—Pleading.**
 A complaint preferred on behalf of the state in a civil action is usually termed an information.

Action by the people against George B. McClellan. Demurrer to complaint overruled. Order reversed, 104 N. Y. Supp. 447.

See, also, 105 N. Y. Supp. 223.

William S. Jackson, Atty. Gen., for the People.
Eugene Lamb Richards, Jr., for defendant.

O'GORMAN, J. This is an action brought pursuant to section 1948 of the Code of Civil Procedure, which provides that:

"The Attorney General may maintain an action upon his own information, or upon the complaint of a private person, against a person who usurps, intrudes into, or unlawfully holds or exercises within the state a franchise or a public office, civil or military, or an office in a domestic corporation."

The defendant demurs on the following grounds: First, that there is a defect of parties plaintiff or defendant, in that William R. Hearst is a proper and necessary party or relator; second, that the complaint does not state facts sufficient to constitute a cause of action; third,

that the plaintiff has not legal capacity to sue, for the reason that the action is not brought either upon the information of the Attorney General or upon the complaint of a private person, the complaint containing no statement that said action is so brought and the complaint not being verified either by the Attorney General or any private person.

The cause of action alleged is against the defendant. He is charged with usurpation of a public office. That is the sole question to be determined. Section 1949 of the Code of Civil Procedure provides that:

"The Attorney General, besides stating the cause of action in the complaint, may, in his discretion, set forth therein the name of the person rightfully entitled to the office, and the facts showing his rights thereto."

In the exercise of the discretion so confided in him, the Attorney General has alleged that William R. Hearst is rightfully entitled to the office, but such averment does not make the person named a necessary party nor is the allegation essential to the cause of action against the incumbent authorized by the preceding section of the Code of Civil Procedure. The person so named is in no sense a necessary party to a complete determination of the charge, made on behalf of the people of the state, that the defendant unlawfully holds a public office. The defendant's title cannot be established by disproving the pretensions of another. Where two or more persons claim to be entitled to the same office, the Attorney General may bring the action against all to determine their respective rights thereto (section 1954); but it does not appear from the pleading that the person alleged to have been elected makes claim to the office, and, in the absence of the assertion of such a claim, authority to make him a defendant is not conferred upon the Attorney General, expressly or by implication. The facts alleged are sufficient to constitute a cause of action.

As a pleading it was unnecessary that the complaint be verified. There is no such requirement. In civil actions an information and a complaint are synonymous. A complaint preferred on behalf of the state in a civil cause is usually termed an information. 10 Encyc. Pl. & Pr. 857; Anderson's Law Dict. 542. Section 1949 refers to the pleading under section 1948 as a "complaint." Under section 1984 the action must be brought in the name of the people of the state, and the proceedings must be the same as in an action by a private person. Section 1949 further provides that judgment may be rendered upon the right of the defendant and of the "party" so alleged to be entitled, and plaintiff argues that the use of the word "party," in referring to the person alleged to be entitled to the office, indicates a legislative intent that he must be made a party to the action. But it is clear that the sole defendant contemplated in such a case is the incumbent, while the sole plaintiff is the people of the state, except in a case where the action is begun by the Attorney General upon the complaint of a private person. In such a case the title of the action must show that the action is brought upon the relation of such a person (section 1986).

It appears, however, from an inspection of the complaint in this action, that the action is instituted not on the relation of a private person, but on the information of the Attorney General. The only neces-

sary parties, therefore, are the people and the incumbent whose right to office is challenged. If defendant's views were adopted, the person alleged to be entitled to the office would be joined as a party defendant, although the evident design of the Code provision is to make the incumbent the sole defendant. People v. De Bevoise, 27 Hun, 596, is not in point. There the suit was brought on the relation of a private person, who was joined as a party plaintiff. Defendant demurred on the ground of misjoinder, in that the relator was improperly joined as a party plaintiff. While intimating that even a relator under the present practice is not a necessary party, the court held that he was a proper party plaintiff, and overruled the demurrer. Demurrer overruled, with costs, with the usual leave.

Demurrer overruled, with costs, with usual leave.